UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLE NGUYEN,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No. 23-cv-04999-PCP<br><br>**ORDER RE: CLASS CERTIFICATION AND SEALING** |

Plaintiff Elle Nguyen sues defendant Bank of America on behalf of a putative class of former Bank employees who allege that the Bank failed to pay them for accrued but unused vacation time upon their termination. Nguyen moves for certification of certification of three putative classes. For the following reasons, the Court concludes that Nguyen's claims are not typical of those of the class and therefore denies the motion without prejudice to the filing of a subsequent motion for class certification by a different class representative. The Court further grants the consolidated sealing motion.

## BACKGROUND

Certain Bank of America employees are eligible to accrue vacation time as a benefit of their employment. These employees accrue paid vacation time on a monthly basis, the amount of which varies based upon the employee's job type and years of service. The Bank's employee handbook provides that for employees eligible to accrue vacation time, "[u]pon termination of employment … [they] will receive payment at the final rate of pay for any accrued but unused vacation time."[1] In other words, when an eligible employee leaves their employment with a

---

[1] The terms of the employee handbook apply to all Bank employees in the United States.

positive balance of vacation time, the Bank promises to pay those employees for any accrued time they have not used. A subset of employees, such as those in specific pay bands, those who earn commission, or those working fewer than 20 hours per week, are not eligible to accrue paid vacation time.

When an employee leaves the Bank with a positive balance of accrued but unused vacation time, the Bank follows one of two processes for paying out that vacation balance based upon whether the employee is exempt or non-exempt.[2] For non-exempt employees, the payment is automatic. The Bank requires these employees to record all their time—hours worked, vacation taken, and sick leave used—in an HR system called Workday. This regular tracking allows the Bank to maintain clear records for non-exempt employees, enabling the Bank to automatically pay out any positive balance of accrued but unused vacation time, as reflected in Workday, upon their termination.

For exempt employees, the vacation payout process is not automatic. Because the Bank does not require exempt employees to track their work, vacation, or sick hours in Workday, the Bank requires input from the employee's supervisor upon the employee's termination. Although the Bank strongly encourages exempt employees to track their time in Workday, the Bank contends that whether they do so in practice varies based on that employee's branch location or their specific supervisor. As a result, it is possible that the Bank's records for exempt employees are less accurate than those for non-exempt employees. When an exempt employee terminates employment with the Bank, that employee's manager must fill out a form to verify the number of accrued vacation hours for which the employee is entitled to a payout. Where the Bank lacks complete records of vacation time that an exempt employee took, the Bank tells its managers to base this determination on the assumption that no vacation time was ever used by the employee.

Named plaintiff and proposed class representative Elle Nguyen worked at the Bank as a Loan Officer from February 2017 through May 2020. During her employment with the Bank, she

---

[2] This distinction turns on whether the employee is covered by the Fair Labor Standards Act's minimum wage and overtime provisions.

held three primary roles, each of which entitled her to earn commission. She was an exempt Enterprise Lending Officer, a non-exempt Senior FC Lending Officer, and an exempt Senior FC Lending Officer. The Bank's Home Loans Retail Sales Lending Officer Incentive Plan Agreements set out the various benefits and incentive plans for which employees like Nguyen and others in the putative class were eligible. Those plans stated that Loan Officers like Nguyen "do not earn paid time-off benefits, such as occasional illness days or vacation." Unlike employees eligible to receive payment for "any accrued but unused vacation time," employees in roles like those that Nguyen held do not accrue paid vacation time in the first instance.

Toward the end of her employment with the Bank—from April through May 2020—the Bank reassigned Nguyen to a temporary project processing loans in conjunction with the federal government's Paycheck Protection Program. During this period, Nguyen was purportedly ineligible to receive commission for any work on that program. Her paychecks from that time show that she continued to receive commission payments, which she states corresponded to previous sales made in her role as a Loan Officer. In their briefs, the parties disagree as to whether Nguyen was eligible to accrue vacation during this two-month period.

Although Nguyen was ineligible to accrue vacation for much of her employment with the Bank, she testified that she recorded her working hours throughout her employment, and that as she logged more working hours Workday would reflect additional accrued vacation hours. She testified that when she left the Bank, Workday reflected a balance of accrued vacation time "in the range of … 200 plus" hours.

Nguyen left her employment with the Bank in May 2020. She reached out to the Bank's HR department about whether she would receive payment for the unused vacation time reflected in Workday. After further conversations with HR and her supervisor, she was told that she would forfeit all her vacation time when she left the company. The Bank never paid her for the positive vacation balance that she remembers seeing in her Workday portal.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 23 governs class certification. Any party seeking class certification must first satisfy the requirements of Rule 23(a) by demonstrating that:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The party seeking class certification "'must affirmatively demonstrate their compliance with' Rule 23 by a preponderance of the evidence." *White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1192 (9th Cir. 2024) (citing *Wal-Mart Stores*, 564 U.S. at 345; *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022) (cleaned up)). The plaintiff "may use any admissible evidence" to meet their burden. *Olean*, 31 F.4th at 664, 665. But plaintiffs "must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) (emphasis in original).

## ANALYSIS

Nguyen moves for certification of the following three classes:

- <u>Violation of State Statutes Class</u>: All persons who terminated employment with Bank of America in a Covered State with a positive vacation balance for which they were not paid during the relevant limitations period.[3]

- <u>Breach of Contract Class</u>: All persons who terminated employment with Bank of America in the United States with a positive vacation balance for which they were not paid during the relevant limitations period.

- <u>California Subclass</u>: All persons who terminated employment with Bank of America in the state of California with a positive vacation balance for which they were not paid during the relevant limitations period.

---

[3] The Covered States include the following 40 states in addition to the District of Columbia: Alaska, California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Utah, Vermont, Virginia, Washington, West Virginia, and Wyoming.

1    Certification is appropriate only where, "after a rigorous analysis, [the Court is satisfied]
2    that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. Southwest v. Falcon*,
3    457 U.S. 147, 161 (1982). As relevant here, the typicality requirement tests "whether the named
4    plaintiff's claim and the class claims are so interrelated that the interests of the class members will
5    be fairly and adequately protected in their absence." *Id.* at 158 n.13. The pertinent inquiries are
6    "whether other members have the same or similar injury, whether the action is based on conduct
7    which is not unique to the named plaintiff, and whether other class members have been injured by
8    the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011)
9    (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)) (cleaned up). "Typicality
10   refers to the nature of the claim or defense of the class representative, and not to the specific facts
11   from which it arose or the relief sought." *Id.* (citing *Hanon*, 976 F.2d at 508).

12   Nguyen cannot serve as the class representative here because her claims are not typical of
13   her three putative classes. The claims of these putative classes are premised, in part, on the class
14   members' eligibility to accrue vacation time. The classes include exempt employees who worked
15   in employment bands eligible to accrue vacation time under the Bank's employee handbook, such
16   that they may have a viable breach of contract claim (if they did not receive a required payout
17   upon termination), and may have a viable claim under the state statutes at issue, all of which
18   require an entitlement to accrue paid vacation time under the terms of one's employment contract.
19   *See, e.g.*, Cal. Lab. Code. § 227.3 (applying "whenever a contract of employment or employer
20   policy *provides for paid vacations*") (emphasis added); Iowa Code Ann. § 91A.2 (defining
21   "wages" in part as "vacation … due an employee under an agreement with the employer);
22   *Timberlake v. Douglas Cnty.*, 291 Neb. 387, 401 (2015) ("Section 48-1229(4) specifically defines
23   wages to include fringe benefits that an *employer agrees to pay* … [and] an employee can earn
24   fringe benefits like … vacation leave just by rendering services.") (emphasis added).

25   Unlike other members of the putative class, the evidence before the Court suggests that
26   Nguyen may not have been eligible to accrue vacation time. Throughout her employment, her
27   contract specifically provided that she was not eligible to "earn paid time-off benefits, such as …
28   vacation." Thus, to prevail on her claim, Nguyen will need to assert some legal theory other than a

5

contractual entitlement to accrue vacation. But "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. General Motors Corp.*, 133 F.3d 388 (6th Cir. 1998). Because Nguyen likely cannot establish any contractual entitlement to accrue vacation, her claims are not typical of those of the classes she seeks to represent.

Perhaps recognizing the problems with her contractual entitlement theory, Nguyen posits that she is entitled to a vacation payout because her Workday portal showed a positive balance of vacation hours upon her termination. In response, the Bank provided a readout of her Workday account showing that she had not accrued any vacation time. But whether or not her Workday account reflected a positive vacation balance, Nguyen's reliance on Workday demonstrates that her claim differs from the claims of the absentee class members. Unable to rely on contractual language like other members of the putative class, she would have the Court look instead at internal company records to determine her rights—"evidence [that] is not probative of the other class members' claims." *Wiener v. Dannon Co., Inc.*, 255 F.R.D. 658, 665 (C.D. Cal. 2009). Her reliance on Workday thus strengthens the Bank's arguments against her typicality.

Finally, the fact that Nguyen worked in a different role during the final months of her employment does not make her claims representative of the putative class members. The Bank reallocated Nguyen to work on the Bank's PPP program during her final two months of employment. Nguyen argues that she was not eligible to earn a commission during this time and therefore accrued vacation time. But the Bank confirmed at the Court's hearing on Nguyen's motion that Nguyen moved to the PPP program on a temporary basis while retaining her official title and employment benefits during that temporary transfer. Indeed, the declaration of the Bank's Senior Vice President Patricia Johnson confirms that Nguyen's final role with the Bank was as an exempt Senior FC Lending Officer.

In order to establish any entitlement to a vacation payout, Nguyen will have to rely upon theories that differ from those of the putative class members and that involve distinct legal and factual issues. Nguyen has therefore failed to demonstrate that she is a typical representative of the three proposed classes.

Finally, the parties filed a consolidated motion to seal various documents submitted in connection with Nguyen's motion for class certification. Dkt. No. 64. The parties have identified a small subset of the documents to be sealed in full and have otherwise proposed narrow redactions to otherwise unsealed documents. The Court agrees that there are compelling reasons to justify sealing these documents as the material largely relates to confidential employee information and HR policies. The Court therefore grants the consolidated sealing motion in full.

**CONCLUSION**

Because Nguyen cannot satisfy the typicality requirement of Rule 23(a), the Court denies her motion for class certification. The denial is without prejudice to any future motion to certify a class that might be filed by a different class representative. Because the Court's ruling on Nguyen's typicality necessitates denying the motion, the Court declines to consider the other Rule 23(a) or 23(b)(3) factors at this time.[4] The Court grants the parties' sealing motion in full. The parties shall file on the public docket redacted versions of Exhibits 2 and 3 and unredacted copies of Exhibits 9 through 15.

**IT IS SO ORDERED.**

Dated: July 3, 2025

P. Casey Pitts
United States District Judge

---

[4] At the hearing on this motion, the Court expressed concerns about the availability of accurate records that could be used to determine liability on a class-wide basis. Counsel for both parties indicated that further discovery relevant to that issue is ongoing. Should a different class representative move for certification in the future, the parties should provide a fuller evidentiary record regarding the availability of accurate records that can be used to adjudicate liability on a class-wide basis.

7