**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLE NGUYEN, ARDAVAN MOVASSAGHI, and ETIENNE BERNSTEIN individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 5:23-cv-04999-PCP<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Elle Nguyen, Ardavan Movassaghi, and Etienne Bernstein ("Plaintiffs") bring this First Amended Class Action Complaint against Defendant Bank of America, N.A. ("Bank of America") on behalf of themselves and all others similarly situated, stating and alleging the following:

## NATURE OF THE ACTION

1. This suit seeks recovery of unpaid compensation owed to workers who left the employ of Bank of America—specifically, the vacation time they accrued during their tenure.

2. Bank of America promises its workers that, as part of their compensation package, they will earn paid time off, including a set number of vacation days, which are accrued on a pay-period basis. It further promises that "[u]pon termination of employment, including retirement, you will receive payment at the final rate of pay for any accrued but unused vacation time."

3. But for workers who resigned or were discharged, this promise went unfulfilled. Instead, Bank of America maintained a practice of failing to pay out unused vacation time when a worker was separated from employment. Upon information and belief, this practice has cost workers millions of dollars per year.

4.      As a result of this practice, workers were short-changed the compensation they earned, and, by law, were owed. Plaintiffs bring this suit on behalf of themselves and all other Bank of America employees who were not paid for accrued vacation time when they separated from the company, seeking to recover the compensation and penalties they are owed under the law.

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff Elle Nguyen is a citizen of California who at all times relevant to this suit worked for Bank of America within the state of California. Specifically, she worked out of Bank of America's office in Campbell, Santa Clara County, California.

6.       Plaintiff Ardavan Movassaghi is a citizen of California who at all times relevant to this suit worked for Bank of America within the state of California. Specifically, he worked out of Bank of America's office in Mill Valley, Marin County, California.

7.      Plaintiff Etienne Bernstein is a citizen of New York who at all times relevant to this suit worked for Bank of America within the state of New York. Specifically, he worked out of Bank of America's office in midtown Manhattan, New York, New York.

8.      Defendant Bank of America, N.A. is a national association having its principal place of business in North Carolina.

9.      This Court has subject matter jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of class members exceed $5,000,000.00, exclusive of interest, attorneys' fees, and costs; and (3) Bank of America and at least one class member are citizens of different states.

10.     This Court has personal jurisdiction over Bank of America because it is authorized to do business and regularly conducts business in California, and Plaintiffs' claims arose within the state of California.

11.     Venue is proper in this district under 28 U.S.C. § 1391(b) because Bank of America resides within this district, and a substantial part of the events giving rise to the claims at issue occurred in this district, as Plaintiffs and putative class members performed work subject to this suit within the boundaries of this district.

12.     Defendant is represented by counsel in this lawsuit and can be served with this First Amended Complaint through its counsel of record.

### FACTS RELEVANT TO THE CLAIMS

13.     Plaintiff Nguyen worked for Bank of America as a lending officer from February 2017 to May 2020.

14.     As part of her compensation, she, along with other Bank of America employees, was eligible to earn paid vacation days.

15.     Specifically, Bank of America' vacation policy, set out in its employee handbook, states that the company "provides paid time off from work to help balance work and personal life." Other than a few listed exceptions, "any full- or part-time U.S. employee is eligible to earn (accrue) paid vacation." It goes on to state that "[t]he amount of vacation for which you are eligible is based on your job band and years of continuous service."

16.     Depending on their job band and years of service, Bank of America employees could earn between two and five weeks of paid vacation per year. It was "accrued in hours on a pay-period-by-pay-period basis." Employees could carry over up to five accrued but unused vacation days into the first quarter of the next calendar year", except that "[e]mployees in

California, Colorado, Montana, and Nebraska will automatically carry over any accrued but unused time off."

17.    Pursuant to this written policy, [u]pon termination of employment, including retirement, you will receive payment at the final rate of pay for any accrued but unused vacation time."

18.    When Plaintiff Nguyen left her job at Bank of America on or about May 2, 2020, she had more than one hundred hours of accrued vacation time. She was paid for none of it.

19.    Upon information and belief, Bank of America maintains a *de facto* company-wide policy of generally not paying out accrued vacation time or only paying out accrued vacation time to separating employees if they have filed a specific written request with the company's human resources department. On its face, such a policy violates the laws of California and numerous other states, which require employers to affirmatively and promptly pay all compensation earned by and owed to a departing employee, including any unused vacation time accrued pursuant to the company's policies.

20.    But for Nguyen, even a request to the corporate office was not enough to get paid what she was owed. Prior to leaving the company, she contacted Bank of America's human resources department to inquire about payment for her accrued vacation time. The representative with whom Nguyen spoke directed her to request payment from her supervisor. Ngueyn did so, and was told by her supervisor that, pursuant to company policy, any unused vacation time was forfeited by the employee when he or she left the company.

21.    Similarly, Plaintiff Movassaghi was not paid for his accrued vacation time either. He began working for Bank of America in 2007 and left his job as Financial Advisor with the Bank on or about February 20, 2020.

22.     According to Bank of America's employment and payroll records, Movassaghi had 153.35 hours of accrued but unused vacation time when he left the company, for which he was not paid.

23.     Likewise, Plaintiff Bernstein was not paid for his accrued vacation time. He began working for Bank of America in 2009 and left his job as Enterprise Lending Officer with the Bank on or about July 26, 2021.

24.     According to Bank of America's employment and payroll records, Bernstein had 40 hours of accrued but unused vacation time when he left the company, for which he was not paid.

25.     Plaintiffs and thousands of other former Bank of America employees have not been paid for vacation time that they earned and are owed.

26.     In the case of Plaintiffs Nguyen and Movassaghi, Bank of America's withholding of their vacation pay violated California Labor Code § 227.3, which provides that "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination." It also violated California Labor Code § 202, which requires prompt payment of all earned wages—including accrued vacation time—to resigning employees. As a result of this violation, Bank of America is liable for waiting time penalties under California Labor Code § 203 in an amount equal to thirty days' wages to Plaintiffs and other similarly situated employees.

27.     This company-wide practice violated the statutory rights of Plaintiff Bernstein and other similarly situated employees working in other states as well, pursuant to state laws requiring prompt payment to discharged or resigning employees of all wages and other compensation due to them, including unused vacation days accrued under an employer's policy, as detailed further herein.

28.     It also resulted in the breach of a contractual agreement, as Plaintiffs and other similarly situated employees were denied a benefit promised to them pursuant to a written policy.

## CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring Count I (Unpaid Accrued Vacation Time in Violation of Laws of Multiple States) pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)(4). Plaintiffs bring this action on behalf of themselves and all others similarly situated, and seek to represent the following class:

> All persons who terminated employment with Bank of America in the states of Alaska, California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, or Wyoming, with a positive vacation balance for which they were not paid during the relevant limitations period.

Excluded from the Class are Bank of America, any entity in which Bank of America has a controlling interest, any of the officers or directors of Bank of America, the legal representatives, heirs, successors, and assigns of Bank of America, anyone employed with Plaintiffs' counsel's firms, and any Judge to whom this case is assigned, and his or her immediate family.

23.     Plaintiffs bring Count II (Breach of Contract) pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)(4). Plaintiffs bring this action on behalf of themselves and all others similarly situated, and seek to represent the following class:

> All persons who terminated employment with Bank of America in the United States with a positive vacation balance for which they were not paid during the relevant limitations period.

Excluded from the Class are Bank of America, any entity in which Bank of America has a controlling interest, any of the officers or directors of Bank of America, the legal representatives, heirs, successors, and assigns of Bank of America, anyone employed with Plaintiffs' counsel's firms, and any Judge to whom this case is assigned, and his or her immediate family.

24.     Plaintiffs bring Count III (Violation of the California Unfair Competition Law) pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)(4). Plaintiffs bring this action on behalf of themselves and all others similarly situated, and seek to represent the following class:

> All persons who terminated employment with Bank of America in the state of California with a positive vacation balance for which they were not paid during the relevant limitations period.

Excluded from the Class are Bank of America, any entity in which Bank of America has a controlling interest, any of the officers or directors of Bank of America, the legal representatives, heirs, successors, and assigns of Bank of America, anyone employed with Plaintiffs' counsel's firms, and any Judge to whom this case is assigned, and his or her immediate family.

25.     Plaintiffs' claims, described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

26. The class numbers in the thousands of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

27. There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Bank of America's actions include, without limitation, the following:

- Whether Bank of America violated state laws when it failed to pay all accrued vacation time earned by Plaintiffs and other similarly situated employees at their final rate of pay at the end of their terms of employment;

- Whether Bank of America's company policy required it pay any accrued but unused vacation time to its employees upon termination of employment;

- Whether Bank of America breached its contractual agreements with Plaintiffs and other similarly situated employees when it failed to pay them for their accrued but unused vacation time at their final rate of pay at the end of their terms of employment; and

- Whether Plaintiffs and other similarly situated employees are entitled to recover the value of their unpaid accrued vacation time, statutory penalties, liquidated damages, and attorneys' fees.

28. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims. Plaintiffs' claims are typical of those of the respective classes in that class members were subject to the same or similar unlawful pay practices as Plaintiffs. A

class action is the superior method for the fair and efficient adjudication of Plaintiffs' claims.  Bank of America has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Bank of America, and/or substantially impair or impede the ability of class members to protect their interests. Plaintiffs are adequate representatives because they are members of the classes they seek to represent, and their interests do not conflict with the interests of the members of those classes.  The interests of the members of the classes will be fairly and adequately protected by Plaintiffs and their undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

29.    The size and scope of the class, along with the membership thereof, is easily ascertainable, as Bank of America maintains records of accrued vacation time earned by former employees, as well as records of whether that time has been paid.

30.    Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

31.    Plaintiffs and other similarly situated employees hereby invoke Emergency Rule 9(a) of the Judicial Council of California, tolling the statute of limitations for their claims for the period of April 6, 2020 to October 1, 2020.

## COUNT I – State Statutory Violations
### Arising Out of Bank of America's Unpaid Accrued Vacation Time Policies

32.     Plaintiffs re-allege the allegations set forth above.

33.     During all times relevant to this action, Plaintiffs and other similarly situated employees were the employees of Bank of America, and Bank of America was their employer.

34.     During the relevant period, Plaintiffs and other similarly situated employees were separated from employment with Bank of America, due to resignation, termination, or some other reason.

35.     Upon separation from employment, Bank of America failed to promptly pay Plaintiffs and other similarly situated employees for their accrued but unused vacation time at their final rate of pay.

36.     Bank of America's company-wide policy or practice of failing or refusing to pay all departing employees affirmatively and promptly for their accrued but unused vacation time, which was promised pursuant to a written company policy, is in violation of the following state vacation time and wage payment laws, each of whose relevant terms are materially equivalent such that a common violation may be established on a class-wide basis:

- Alaska – Alaska Stat. § 23.05.140;

- California – Cal. Lab. Code §§ 227.3, 201, and 202;

- Colorado – Colo. Rev. Stat. Ann. § 8-4-101(14);

- Connecticut – Conn. Gen. Stat. Ann. § 31-76k;

- Delaware – Del. Code Ann. tit. 19, § 1103;

- District of Columbia – D.C. Code Ann. § 32-1303;

- Hawaii – Haw. Rev. Stat. Ann. § 388-3;

- Illinois – 820 Ill. Comp. Stat. Ann. 115/5;

10

- <u>Indiana</u> – Ind. Code Ann. § 22-2-5-1;

- <u>Iowa</u> – Iowa Code § 91A.2(7)(b);

- <u>Kansas</u> – Kan. Stat. Ann. § 44-315;

- <u>Kentucky</u> – Ky. Rev. Stat § 337.010(1)(c);

- <u>Louisiana</u> – La. Stat. Ann. § 23:631(D);

- <u>Maine</u> – Me. Rev. Stat. tit. 26, § 626;

- <u>Maryland</u> – Md. Code Ann., Lab. & Empl. § 3-505;

- <u>Massachusetts</u> – Mass. Gen. Laws Ann. ch. 149, § 148;

- <u>Michigan</u> – Mich. Comp. Laws Ann. § 408.475;

- <u>Minnesota</u> – Minn. Stat. Ann. §§ 181.13-14;

- <u>Montana</u> – Mont. Code Ann. § 39-3-205;

- <u>Nebraska</u> – Neb. Rev. Stat. Ann. § 48-1230(4);

- <u>Nevada</u> – Nev. Rev. Stat. Ann. § 608.050;

- <u>New Hampshire</u> – N.H. Rev. Stat. § 275:43(V);

- <u>New Jersey</u> – N.J. Stat. Ann. § 34:11-4.3;

- <u>New Mexico</u> – N.M. Stat. Ann. § 50-4-4;

- <u>New York</u> – N.Y. Lab. Law § 191;

- <u>North Carolina</u> – N.C. Gen. Stat. Ann. § 95-25.7;

- <u>North Dakota</u> – N.D. Cent. Code Ann. § 34-14-03;

- <u>Ohio</u> – Ohio Rev. Code Ann. § 4113.15;

- <u>Oklahoma</u> – Okla. Stat. Ann. tit. 40, § 165.3;

- <u>Oregon</u> – Or. Rev. Stat. Ann. § 652.140;

- <u>Pennsylvania</u> – 43 Pa. Stat. Ann. § 260.5;

11

- Rhode Island – R.I. Gen. Laws Ann. § 28–14–4;

- South Carolina – S.C. Code Ann. § 41-10-50;

- South Dakota – S.D. Codified Laws § 60-11-10;

- Tennessee – Tenn. Code Ann. § 50-2-103;

- Texas – Tex. Labor Code Ann. § 61.014;

- Utah – Utah Code Ann. § 34-28-5;

- Vermont – Vt. Stat. Ann. tit. 21, § 342;

- Virginia – Va. Code Ann. § 40.1-29;

- Washington – Wash. Rev. Code Ann. § 49.48.010;

- West Virginia – W. Va. Code Ann. § 21-5-3;

- Wisconsin – Wis. Stat. Ann. § 109.03; and

- Wyoming – Wyo. Stat. Ann. § 27-4-104;

37.     As a result of this practice and attendant statutory violations, Plaintiffs and other similarly situated employees suffered monetary losses and are entitled to recover all actual damages, liquidated damages, statutory penalties, pre-and-post-judgment interest, and attorneys' fees as provided by law.

38.     Bank of America's policies and practices as alleged herein were willful and intentional in nature and not the result of a good faith mistake.

WHEREFORE, on Count I of this First Amended Class Action Complaint, Plaintiffs and all similarly situated employees demand judgment against Bank of America and prays this Court:

      a.   Certify the state law claim set forth in Count I above as a class action pursuant to Fed. R. Civ. P. 23;

12

b. Award Plaintiffs and the Class damages for the amount of unpaid accrued vacation time due, along with all liquidated and statutory damages provided by law;

c. Award Plaintiffs and the Class pre-judgment and post-judgment interest as provided by law;

d. Award Plaintiffs and the Class attorneys' fees and costs; and

e. Award Plaintiffs and the Class such other relief as the Court deems fair and equitable.

## COUNT II – Brach of Contract
### Arising Out of Bank of America's Unpaid Accrued Vacation Time Policies

39. Plaintiffs re-allege the allegations set forth above.

40. Plaintiffs and other similarly situated employees entered into, and were parties to, a contract for employment with Bank of America. As part of the parties' bargained-for exchange, Bank of America promised to follow a written company policy for vacation and paid time off which guaranteed, *inter alia*, that Plaintiffs and other similarly situated employees would "receive payment at the final rate of pay for any accrued but unused vacation time."

41. Bank of America breached this contract by failing to pay Plaintiffs and other similarly situated employees for their accrued but unused vacation time when they separated from employment.

42. Because of Bank of America's breach, Plaintiffs and the Class have suffered damages, as they lost money promised and owed to them.

WHEREFORE, on Count II of this First Amended Class Action Complaint, Plaintiffs and all similarly situated employees demand judgment against Bank of America and prays this Court:

a.   Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

b.   Award Plaintiffs and the Class damages for the amount of unpaid accrued vacation time due, along with all other damages provided by law;

c.   Award Plaintiffs and the Class pre-judgment and post-judgment interest as provided by law;

d.   Award Plaintiffs and the Class attorneys' fees and costs; and

e.   Award Plaintiffs and the Class such other relief as the Court deems fair and equitable.

**COUNT III – Cal. Bus. & Prof. Code § 17200, *et seq*.**
**Arising Out of Bank of America's Unfair Business Practices**

43.     Plaintiffs re-allege the allegations set forth above.

44.     California's Business and Professions Code § 17200, *et seq*., the California Unfair Competition Law (UCL) prohibits acts of unfair competition, which includes any "unlawful business act or practice."

45.     The policies, acts, and practices described in this Complaint were unlawful business acts and practices because Bank of America's failure to pay all wages due, including all accrued vacation time to employees departing the company violates applicable California Labor Code sections, including but not limited to California Labor Code §§ 227.3, 201, 202, and other provisions of California common and/or statutory law. Plaintiffs reserve the right to allege additional statutory and common law violations by Bank of America.

46.     The policies, acts, and practices described in this Complaint were also unfair and/or fraudulent business acts and practices because they resulted in Plaintiffs and similarly situated employees being misled and denied pay for the compensation they earned. Moreover, Bank of

14

America took affirmative steps to conceal its misconduct and mislead its departing employees into believing they forfeited their accrued vacation time when they left the company, or otherwise were not owed payment for said time. These business practices offend established public policy and are immoral, unethical, unscrupulous or substantially injurious to employees.

47.    Bank of America's violation of California wage and hour laws constitutes a business practice because the company's aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiffs and other similarly situated employees.

48.    Bank of America has avoided payment of accrued vacation time as required by the California Labor Code to be paid to its departing employees.

49.    As a result of Bank of America's unfair and unlawful business practices, it has reaped unfair and illegal profits during the class period at the expense of Plaintiffs, class members, and members of the public. Bank of America should be made to disgorge their ill-gotten gains and to restore them to Plaintiffs and class members.

50.    Any reasons, justifications, or motives that Bank of America may offer for the practices described herein are outweighed by the gravity of harm to the victims, including Plaintiffs and other similarly situated employees, the general public, the state of California, and competing firms that comply with California's accrued vacation time payment requirements. These injuries are substantial and are not outweighed by any countervailing benefits to consumers or competition.

51.    Bank of America's prohibited business practices are likely to continue absent the intervention of this Court.

15

52.     Plaintiffs and other similarly situated employees have standing to pursue this cause of action because they suffered injury in fact and lost money as a result of Bank of America's misconduct described herein.

53.     Furthermore, Plaintiffs and other similarly situated employees seek restitutionary disgorgement from Bank of America and public injunctive relief prohibiting Bank of America from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

54.     Plaintiffs and other similarly situated employees seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Bank of America's unfair, unlawful, and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

WHEREFORE, on Count III of this First Amended Class Action Complaint, Plaintiffs and all similarly situated employees demand judgment against Bank of America and prays this Court:

  a. Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23;

  b. Order Bank of America to account for and restore to Plaintiffs and the Class the compensation unlawfully withheld from them during the relevant limitations period;

  c. Order Bank of America to identify, locate, and make restitution to affected members of the general public all funds and the value of all things acquired by the acts of unfair competition alleged herein;

  d. Order Bank of America to cease its unfair, unlawful, and fraudulent practices;

16

e.  Order Bank of America to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes obtained by way of its violation of California Business and Professions Code § 17200, *et seq.*, during the relevant limitations period;

f.  Enter all additional orders necessary under California Business and Professions Code § 17203;

g.  Award Plaintiffs and the Class attorneys' fees and costs as provided by law; and

h.  Award Plaintiffs and the Class such other relief as the Court deems fair and equitable.

Dated: October 30, 2025                    Respectfully submitted,

/s/ George A. Hanson
George A. Hanson, *pro hac vice*
Alexander T. Ricke, *pro hac vice*
Caleb J. Wagner, *pro hac vice*
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 714-7100
Facsimile:    (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com
wagner@stuevesiegel.com

Jason S. Hartley (SBN# 192514)
Jason M. Lindner (SBN# 211451)
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: 619-400-5822
*hartley@hartleyllp.com*
*lindner@hartleyllp.com*

*Attorneys for Plaintiff*